JUSTICE WHEAT,
dissenting.
¶37 I join the Dissent of Justice Cotter, but provide additional reasons for separating myself from the reasoning of the majority.
¶38 On December 1, 2012, Peter Lee and three others were injured when Julian Perez, the driver of the car in which they were passengers, caused a high-speed rollover collision. Lee’s injuries were particularly catastrophic. Perez was insured by USAA. Importantly, by mid-December USAA knew without question that Perez’s negligence caused the crash and was absolutely liable for all damages to the injured parties, which would probably exceed policy limits given the extent of the injuries to the parties. More importantly, by this time USAA also knew, or should have known, that TRICARE would be paying some or all of the medical expenses of the injured parties, especially Lee, and would have a subrogation interest in the policy proceeds.
¶39 On June 4, 2013, the Blewett firm notified USAA that they were representing Lee and that policy limits would be inadequate. On August 21,2013, Blewett offered to settle for policy limits, in exchange for a full release, and placed a 20-day trigger on the offer. On August 28, 2013, USAA agreed by phone to pay, but only if TRICARE was named as a payee or a lien waiver was produced. On September 9, 2013, USAA confirmed its position in writing, and several days later Blewett extended the deadline for settlement and again reiterated a full and final release would be provided to Perez. On October 17, 2013, Lee filed suit against Perez, and shortly thereafter Perez, with the assistance of counsel, entered into a consent judgment with Lee to protect himself from an excess judgment. On March 14, 2014, USAA paid policy limits after Lee provided a TRICARE lien waiver.
¶40 Therefore, by mid-December 2012, USAA knew it was statutorily obligated “to attempt in good faith to effectuate prompt, fair, and equitable settlement” of all claims covered by Perez’s policy. Section 33-18-201(6), MCA. At the same time USAA had a duty to defend and protect Perez against any claims and/or judgments resulting from his clear negligence. Additionally, and simultaneously, USAA apparently believed, for its own protection, it was required to protect TRICARE’s subrogation interest. This last conclusion, however, was incorrect. As noted by the Alabama Supreme Court in Mut. Assur., Inc. v. Schulte, 970 So. 2d 292 (Ala. 2007), “the inquiry relevant to a claim allegingbad faith failure to settle is whether the insurer’s failure to settle had any ‘lawful basis,’ that is, whether the insurer had any ‘legitimate or arguable reason for failing to pay the claim.’ ” Schulte, 970 So. 2nd at *306 296 (citations omitted). In the case before us, the District Court, based upon the arguments presented to it as discussed in Justice Cotter’s Dissent, concluded that USAA’s “unilateral decision” to protect TRICARE’s lien, was “without support in statute, regulation, or common law.” In other words, USAA had no legal obligation to protect TRICARE’s lien; consequently, it had no lawful basis to refuse to settle Lee’s claim based upon the status of TRICARE’s lien.
¶41 Moreover, if TRICARE’s lien status posed significant problems to USAA’s settlement determination, upon USAA’s realization of its obligation to settle Perez’s claim, it should have undertaken actions in December 2012 to insure that TRICARE’s subrogation interest would not hinder settlement rather than delaying settlement and imposing the obligation to obtain a TRICARE lien waiver on Lee.
¶42 Under these facts, I submit that USAA violated its obligations to its insured and to the injured parties to exercise good faith to enter into a prompt, fair and equitable settlement. Instead, it delayed until a demand was made and then unilaterally imposed a requirement that TRICARE be named as a co-payee or that Lee obtain a lien release, equally for its own benefit and protection, even though Lee’s attorneys offered to fully release and indemnify both USAA and Perez. At the expense of Perez and Lee, USAA demanded that Lee’s attorneys agree to protect USAA, when USAA did nothing to protect itself, and was obligated to do so.
¶43 For these reasons and the reasons expressed by Justice Cotter, I dissent.